Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 17, 2002.

Decided Jan. 21, 2003.

Before NYGAARD, ALITO and
McKEE, Circuit Judges.

OPINION

McKEE, Circuit Judge.

NVF Company appeals from the district court's grant of summary judgment to New Castle County. For the reasons that follow, we will affirm.

**I.**

This action originally began as a Chapter 11 bankruptcy in the bankruptcy court. NVF filed an objection to a proof of claim by New Castle County and a complaint for breach of contract against New Castle County. NVF manufactures industrial laminated plastics, vulcanized fiber and paper products. New Castle County provides sewer utility service to NVF. New Castle County's proof of claim was for unpaid sewer service fees and NVF's breach of contract action alleged that New Castle County breached a 1970 agreement to make repairs to a sewer that NVF built but later transferred to New Castle County. On June 14, 2000, the reference to the bankruptcy court was withdrawn and the case proceeded in the district court. In time, the district court granted summary judgment to New Castle County. Our review of the district court's grant of summary judgment is plenary. *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001).

Because the district court has already set forth the factual and procedural history of this case, it is unnecessary for us to repeat that history. *NVF Co. v. New Castle County*, 276 B.R. 340 (D.Del.2002). Moreover, in its Memorandum Opinion, the district court has carefully and completely explained its reasons for granting summary judgment to New Castle County. We can add nothing to the district court's thoughtful and searching analysis. Therefore, it unnecessary for us to gild the lily and engage in a separate analysis simply to reach the same result.

**II.**

Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's opinion without further elaboration.

**Nancy L. DREJKA, Appellant,**

v.

**COMMISSIONER OF SOCIAL
SECURITY**

* (Amended per the Clerk's Order dated 7/11/02).

No. 02–2445.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 27, 2003.

Decided Jan. 28, 2003.

Before: SLOVITER, RENDELL,
Circuit Judges and DEBEVOISE,*
District Judge.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Nancy L. Drejka appeals from the order of the District Court[1] granting summary judgment to the Commissioner denying Drejka's claim for disability benefits and supplemental security benefits (SSI). Because the parties are familiar with the facts and procedural background, we need discuss them only briefly.

## I.

Drejka filed an application for supplemental security income on October 26, 1999, alleging disability since October 15, 1998 due to an inability to handle stress, depression, and borderline intellectual functioning. Her initial claim and motion for reconsideration were denied by the Commissioner. Following a hearing before an Administrative Law Judge (ALJ), the ALJ concluded that Drejka was not disabled as she was able to perform past substantial relevant work. The Appeals Council denied Drejka's request for review and the decision of the ALJ is thus the final decision of the Commissioner. The Magistrate Judge found that the decision of the ALJ was supported by substantial evidence and granted the Commissioner's motion for summary judgment. Drejka appeals to this Court.

Drejka was 38 years old at the time of the ALJ hearing. She has a tenth grade education and attended special education classes. Her past work experience includes periodic employment as a dishwasher, housekeeper, and newspaper inserter. She states that she has become disabled from all substantial gainful activity due to depression, an inability to handle stress, and her temper, which she has to control with medication.

Drejka has been married twice and has ten children. Nine of her children were removed from her care after one or more of them had been sexually abused by her husband or husbands. She then suffered a serious depression. The tenth child was

---

* Hon. Dickinson R. Debevoise, Senior Judge, United States District Court for the District of New Jersey, sitting by designation.

1. The case was heard by a Magistrate Judge pursuant to the consent of the parties as provided in 28 U.S.C. § 636(c).

removed from her care by the State of Delaware which had determined that she was unable to care for it.

Drejka's employment history consists of work as maid at the Dover Budget Inn in 1996, earning $2,284.23, and work as a dishwasher at the Colony Inn in 1998, earning $2,786.49. Drejka contends that she left that job because there was too much pressure as they tried to rush her. She contends she has been unable to work more recently because her medication makes her sleep a lot.

Our review of the ALJ's decision is limited to determining whether there is substantial evidence to support the decision. 42 U.S.C. § 405(g); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

The ALJ applied the five-step inquiry, as required by the Social Security Act, to determine whether Drejka was disabled. The elements are (1) whether the claimant is engaged in substantial gainful activity; (2) whether claimant has a severe impairment; (3) whether claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether claimant's impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520 and 416.920 (2002).

The ALJ found that Drejka was not presently engaged in substantial gainful activity and did suffer from a severe impairment but that her impairments did not prevent her from doing past relevant work as a housekeeper, dishwasher, and newspaper inserter. In the alternative, the ALJ also determined that Drejka's impair-

ments did not prevent her from doing other work. We must decide whether these findings are supported by substantial evidence.

## A. *Credibility of Claimant*

■ Drejka argues that the ALJ's finding that her testimony was not credible is unsupported by the evidence. She contends that the ALJ improperly discounted the credibility of her testimony, especially her claim that her anger occurred in all settings, and not just social settings as the ALJ decided.

The ALJ cited inconsistencies in the record as a reason for discounting Drejka's testimony. For example, there is conflicting evidence in the record relating to whether Drejka was able to read or write. At the hearing, Drejka testified that she could read a little but could not write at all. As the Magistrate Judge explained, the ALJ found that Drejka's testimony was directly contradicted by her lengthy written responses to a questionnaire in connection with a 1996 psychological examination. The ALJ also noted Dr. Bugglin's evaluation that mentioned the possibility that Drejka was reading legal texts. Mag. Op. at 14. In addition, Drejka alleged for the first time at the ALJ hearing that she was also disabled due to physical impairments. The ALJ stated that the record lacked medical support for this allegation.

Although Drejka's ability to read or write has no bearing on the state of her emotional and psychological conditions, contradictions as to this fact bear on her credibility. It is precisely because the ALJ is best situated to make credibility decisions that the findings of the ALJ are given deferential review. The ALJ has the duty to be the fact-finder. As the Magistrate Judge stated, "[i]n light of this contradictory objective evidence, the ALJ

[ ] assigned limited credibility to Drejka's allegations, based on the lack of medical support for her purportedly disabling mental impairments." Mag. Op. at 14.

We thus conclude that there is substantial evidence to support the ALJ's finding that portions of Drejka's testimony were not credible and that she only angered in social settings.

## B. *Weight Given to the Opinion of the Treating Physician*

Drejka argues that the ALJ improperly disregarded the opinion of her treating physician, Dr. Graff. We have recognized that greater weight should be given to the findings of the treating physician than to a physician who has examined a claimant as consultant or who has not even seen the claimant. *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir.1993). However, when faced with conflicting medical records the ALJ is not under a mandate to accept the opinion of the treating physician as the final and only determination.

Drejka argues that the ALJ erroneously relied upon earlier assessments of her impairments that were made either by consultive examiners or examiners who never met her. She contends that when the opinion of the treating physician is based upon medical and psychological evidence found in the record, the ALJ is bound to follow it. She also contends that the opinion of her treating physician should have been afforded far greater weight than the ALJ gave to it, and that instead the ALJ made lay observations about her medical condition.

■ We do not agree that the ALJ made his own determinations of her medical condition. Instead, the ALJ evaluated the medical evidence and determined which was more persuasive. The ALJ was entitled to review the record in totality and to discount the treating physician's opin-ion. *See* 20 C.F.R. § 416.927(d)(2) (allowing treating physician's opinion to be discounted where that opinion is inconsistent with other substantial evidence in the record). Drejka's treating physician made the determination that she was disabled only in a form report. We have characterized such a form report, in which the physician's only obligation was to fill in blanks, as "weak evidence at best." *Mason,* 994 F.2d at 1065.

■ The ALJ found that other medical evidence in the record established that although Drejka does suffer from severe impairments, those impairments are not severe enough to disable her from all forms of substantial gainful activity. Unlike the situation in *Morales v. Apfel,* 225 F.3d 310, 318 (3d Cir.2000), where we held that an ALJ's credibility judgments alone cannot override a treating physician's medical opinion that is supported by the evidence, here the ALJ relied upon more than personal observations and credibility determinations in discounting the treating physician's finding of disability. Such other evidence is in the form of records from Dr. Bugglin, a clinical psychologist who examined Drejka (finding Drejka's depression to be situational in nature); Dr. Seltzer, the primary care treating physician (reporting Drejka's condition improves with medication); Dr. Lifrak, of Delaware Disability Determinations Service who interviewed Drejka (finding Drejka not disabled although she suffers from major depression and post-traumatic stress disorder because her condition improves with medication); and the state agency disability expert psychologists (impairments not of disabling severity).

The ALJ's findings constitute substantial evidence upon which the District Court could appropriately uphold the ALJ's decision.

*C. Analysis Under Steps Four and Five*

Drejka argues that the ALJ improperly applied step four of the Social Security Act's analysis, which provides that an individual is not disabled if able to perform "past relevant work." 20 C.F.R. § 416.920(e). Past relevant work must be substantial work. Drejka contends that because her past work is not substantial gainful activity, it cannot be considered past relevant work.

■ Under the applicable regulations, past relevant work will satisfy the definition of substantial gainful activity if it yielded earnings of a certain amount and lasted long enough for the claimant to learn to do the job. 20 C.F.R. §§ 416.965 and 416.972. Drejka's work as a newspaper inserter and housekeeper were not too brief to be considered past relevant work. Although Drejka held no job that lasted for more than three months, the duration requirement is met if the length of the employment was

> sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work.

Social Security Ruling 82–62, 1975–1982 Soc. Sec. Rep. Serv. 809, 1982 WL 31386 (1982).

Drejka's jobs were unskilled with a low vocational rating, but she worked at them long enough to learn how to do them. *See Feliciano v. Sullivan,* No. 87–4380, 1990 WL 118053, at *4 (E.D.Pa. Aug. 10, 1990) (holding that three months as cleaning lady sufficient to constitute past relevant work).

As to the earnings requirements, the regulations provide that for the months January 1990 through June 1999, the time period at issue, earnings averaging more than $500 per month presumptively establish substantial gainful activity; average monthly earnings less than $300 will not be considered substantial gainful activity. 20 C.F.R. §§ 416.974(b)(2)(i) and (b)(3).

■ Although Drejka's earnings did not satisfy the regulations' earnings requirements for substantial gainful employment, earnings can only "presumptively establish" the presence or lack of substantial gainful activity. The regulations are only guidelines. The fact that Drejka voluntarily left an unskilled job because she did not want to be rushed, thereby failing to meet the presumptive earnings figure, does not mean that she is not capable of doing unskilled work on a sustained basis.

■ Even if we were to agree with Drejka that the ALJ's finding that she was not disabled under step four was not supported by substantial evidence, we must turn to the ALJ's application of step five. This step provides that a claimant is not disabled unless suffering from an impairment that prevents him or her from doing any other work. Based upon a hypothetical posed to a vocational expert, the ALJ determined that "considering claimant's age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy." ALJ Op. at 7. As a result, the ALJ found that Drejka was not disabled.

Drejka argues that because the testimony of the vocational expert contains numerous inaudibles, we must, at a minimum, remand. We do not agree. As the Magistrate Judge persuasively explained in her comprehensive opinion:

> [B]ased on the remainder of the vocational expert's testimony, the "inaudibles" are immaterial to the ALJ's

finding that plaintiff was not disabled under the regulations. The remainder of vocational expert's testimony sufficiently supported the ALJ's finding that Drejka could perform work as a housekeeper, dishwasher, or other jobs which are light exertionally and unskilled. [citation omitted]. It was this testimony that the ALJ utilized in making the determination that the plaintiff was not disabled, not the hypothetical. Therefore, the mere fact that there were "inaudibles" in the transcript did not make it fatally flawed to require remand.

Mag. Op. at 19.

## II.

For the reasons set forth, we will affirm the order of the Magistrate Judge granting summary judgment to the Commissioner.